IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION


BENNIE FULTS                                                                    PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 4:10CV61-GHD-DAS

BRAD ADAMS AND SCOTT PETROLEUM                                   DEFENDANTS


REPORT AND RECOMMENDATION

On May 13, 2010, the plaintiff, who is proceeding *pro se*, filed his complaint(# 4)

alleging race discrimination under Title VII, 42 U.S.C. § 2000e *et seq.*  The plaintiff alleges he

was harassed and eventually fired because of his race.  Specifically, the complaint alleges that in

January 2009, Brad Adams, the plant manager, yelled at and used profanity against the plaintiff

and other black employees.  Additionally, the complaint alleges that even though the plaintiff

"ran the plant just as good or better than the other [white] employees" Adams "picked at" and

harassed the plaintiff.  The plaintiff has named Brad Adams and Scott Petroleum as defendants.

Defendant Brad Adams seeks dismissal of the plaintiff's claims against him pursuant to

FED.R.CIV.P. 12(b)(6) for failure to state a claim.  Pursuant to Rule 12(b)(6), a court may dismiss

a complaint for "failure to state a claim upon which relief can be granted."  When considering a

Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true

and view them in the light most favorable to the plaintiff." *Johnson v. Johnson,* 385 F.3d 503,

529 (5th Cir. 2004).  "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need

detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief-

including factual allegations that when assumed to be true 'raise a right to relief above the

speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007) (citing *Bell Atl. Corp.*

*v. Twombly,* 550 U.S. 544, 555 (2007)).  That is, "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  *Ashcroft v.*

*Iqbal,* 556 U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S.

at 570).

In this case, Defendant Adams argues that the plaintiff's claims against him should be

dismissed because the complaint names Adams in his individual capacity, and individual liability

against supervisors is not cognizable under Title VII.  Title VII liability attaches only to a

plaintiff's "employer."  Section 2000e(b) defines an employer as "a person engaged in an industry

affecting commerce . . . *and any agent of such a person.*"  42 U.S.C. § 2000e(b) (emphasis

added).  In the Fifth  Circuit, the phrase "any agent" is construed liberally.  *Garcia v. Elf Atochem*

*North America,* 28 F.3d 446, 451 (5ᵗʰ Cir. 1994) (citations omitted).  "Under this liberal

construction, *immediate supervisors* are Employers when delegated the employer's traditional

rights, such as hiring and firing."  *Id.*  (citing *Hamilton v. Rodgers*, 791 F.2d 439, 442-43 (5th

Cir.1986) (construing the term employer to include immediate supervisors only when they

"participated in the decision-making process that forms the basis of the discrimination") ).

However, there can be no liability under Title VII "for the actions of mere co-workers." *Id.*

In the Charge of Discrimination attached to the complaint in this case, the plaintiff

identifies Scott Petroleum as the employer and Brad Adams as the "manager" of the plant where

he worked.  The Charge also indicates that Adams fired the plaintiff and rehired a White

employee who had previously been "let go" and both fired and threatened to fire other Black

workers.  While the plaintiff's complaint does not expressly state whether he is suing Adams in

his individual capacity or rather in his capacity as an agent of Scott Petroleum, the court

construes the complaint[1] against Adams to be against him in his official capacity since Title VII

liability does not attach to individuals acting in their individual capacity. *See Garcia*, 28 F.3d at

451. Therefore, it is recommended that the motion to dismiss be denied.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event

any party desires to file objections to the findings and recommendations herein contained. The

parties are warned that any such objections are required to be in writing and must be filed within

fourteen days of this date. Failure to timely file written objections to the proposed findings,

conclusions and recommendations contained in this report will bar an aggrieved party, except

upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings

and legal conclusions accepted by the district court. *Douglass v. United Services Automobile*

*Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 14th day of February, 2010.


                                                    **/s/ David Sanders**
                                                    **U. S. MAGISTRATE JUDGE**

---

[1]*See Roque v. Jazz Casino Co. LLC*, 388 Fed.Appx. 402, 404 (5th Cir. 2010) (citation omitted) ("[I]t is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.")